**UNITED STATES of America, Plaintiff-Appellee,**

**v.**

**Charles Dick EAGLETON, Defendant-Appellant.**

**No. 20486.**

United States Court of Appeals, Sixth Circuit.

Feb. 9, 1971.

Alvin S. Michaelson, Los Angeles, Cal., for appellant.

Robert L. Meyer, U. S. Atty., David R. Nissen, Chief, Crim. Div., Darrell W. MacIntyre, Asst. U. S. Atty., for appellee.

Before BARNES, KOELSCH and WRIGHT, Circuit Judges.

**452**

Lowell W. Lundy, Barbourville, Ky., for appellant.

Robert E. Rawlins, Lexington, Ky., Eugene E. Siler, Jr., U. S. Atty., William D. Kirkland, Asst. U. S. Atty., Lexington, Ky., on the brief), for appellee.

Before EDWARDS and MILLER, Circuit Judges, and O'SULLIVAN, Senior Circuit Judge.

PER CURIAM.

Charles Dick Eagleton appeals from judgment entered upon a jury verdict convicting him of having in his possession some 48 gallons of "moonshine" in violation of 26 U.S.C. § 5205. Part of the contraband was found in Eagleton's dwelling and the balance in the adjoining yard. Officers employed a search warrant to enter Eagleton's premises. The single claim of error is that the rule of *Miranda* was offended when an officer testified that Eagleton had identified a woman who was in his home at the time of the search as his common-law wife.

Cross-examination of a government agent by defense counsel elicited the information that a lady who was present in Eagleton's house had claimed that whiskey there found was hers. The lady was identified as a Mrs. Worley, and during later examination of a government agent by the United States Attorney, and over objection of defense counsel, the following occurred:

"Q. Do you know what capacity Mrs. Worley was exercising in that house? Was she an employee or visitor?

\* \* \* \* \* \*

"A. I believe—I am sure Mr. Eagleton told us she was his common-law wife."

It is appellant's claim that Eagleton should have been warned of his right to be silent and to have the presence of an attorney before disclosing his claimed relationship to the lady. There is no evidence that he was not so warned and there is nothing to indicate that his identification of Mrs. Worley as his common-law wife was other than his own unsolicited and voluntary statement. The fact of Mrs. Worley's presence in Eagleton's home was brought out by his own attorney's questioning. No doubt Eagleton believed that it would be less offensive to his standing as a virtuous man to clothe the lady in his house with the respectability of a wife—common-law or otherwise—as against the status of a mere casual lady friend. She had generously claimed to be the owner of contraband whiskey found hidden in a clothes hamper in Eagleton's bedroom.

We do not believe that *Miranda* was offended by what happened and if it was, the error was harmless.

Judgment affirmed.